HANG AND ASSOCIATES, PLLC
Keli LIU (KL 9008)
136-18 39th Ave. Suite 1003
Flushing, NY 11355
Tel: (718) 353-8588
Fax: (718) 353-6288
*Attorneys for the Plaintiffs, proposed FLSA Collective and
Potential Rule 23 Class Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

-----------------------------------------------------------------X
Zhen Run Situ and Andy Chen, *on behalf of themselves and others similarly situated*
                           Plaintiffs,

v.

Lan Garden Restaurant and Bar Inc. d/b/a Lan Garden 88, John Ng and Michelle Chan[1]
                           Defendants,
-----------------------------------------------------------------X

**Case No.**

**COLLECTIVE AND CLASS ACTION COMPLAINT**

**Jury Trial Demanded**

Plaintiff Zhen Run Situ and Andy Chen (hereinafter "Plaintiffs") on their own behalf and on behalf of all others similarly situated, by and through their attorneys Hang & Associates, PLLC, hereby file this complaint against the Defendants Lan Garden Restaurant and Bar Inc. d/b/a Lan Garden 88 (Lan Garden 88), John Ng, Lan Garden Restaurant and Bar Inc. d/b/a Lan Garden 88, John Ng and Michelle Chan (collectively as "Defendants") and alleges as follows:

**INTRODUCTION**

1. This action is brought by Plaintiffs, on behalf of themselves as well as other employees similarly situated, against Defendants for alleged violations of the Federal Labor Standards Act, ("FLSA") 29 U.S.C. § 201 *et seq.* and of the New Jersey State Wage and Hour Law, NJSA§34:11-56 *etseq* ("NJWHL"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

---
[1] Based on information and belief, Michelle Chan is the wife of John Ng therefore could also go by the name of Michelle Ng.

1

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NJWHL by engaging in a pattern and practice of failing to pay its employees, including Plaintiffs, overtime compensation for all hours worked over forty (40) each workweek.

3. Defendants failed to record the hours that Plaintiffs and similarly situated employed by Corporate Defendants work or worked, including work done in excess of forty hours each week.

4. The FLSA allows employers of "tipped employees" to pay their tipped employees at a rate below the federal and state minimum wages. 29 U.S.C. §203(m).

5. The FLSA provides that in order to be eligible for this "tip credit," employers of tipped employees must allow employees to keep all the tips that they receive. *Id*

6. The FLSA permits employees to participate in a "tip pool," where tipped employees pool all of their tips together and then redistribute them amongst themselves as they choose. 29 U.S.C. 203(m). An employer may not avail itself of the tip credit, however, if it requires employees to share their tips with employees who do not regularly and customarily receive tips. 29 U.S.C. § 203(m).

7. Plaintiffs alleged pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid wages, including all hours not paid at least the minimum wage; (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs.

8. Plaintiffs further allege pursuant to New Jersey State Wage and Hour Law ("NJWHL") that they are entitled to recover from the Defendants: (1) unpaid wages, including all hours not paid at least the minimum wage (2) unpaid overtime compensation, (3) liquidated damages

equal to the sum of unpaid overtime, (4) prejudgment interest. (5) post-judgment interest, and (6) attorney's fees and costs.

## JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New Jersey State Law claims pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

8. From January 20, 2015 to September 15, 2015, Plaintiff Situ was employed by Defendants to work at their restaurant Lan Garden 88 located at 88 Rte 46 W, Ridgefield, NJ 07657 as a Chef.

9. From April 3, 2015 to April 16, 2016 and then from October 2, 2016 to January 18, 2017, Plaintiff Chen was employed by Defendants to work at their restaurant Lan Garden 88 located at 88 Rte 46 W, Ridgefield, NJ 07657 as a waiter[2].

## DEFENDANTS

*Corporate Defendant*

10. Defendant Lan Garden Restaurant and Bar Inc. is a domestic business corporation organized under the laws of the State of New Jersey with a principal address at 88 Rte 46 W, Ridgefield, NJ 07657.

---

[2] In addition to working as a waiter, Plaintiff also spent few hours each work day working as a delivery worker for the period from October 2, 2016 to January 18, 2017.

3

11. Upon information and belief, Lan Garden Restaurant and Bar Inc. operates a Chinese restaurant Lan Garden 88 and is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

12. Upon information and belief Lan Garden Restaurant and Bar Inc. purchased and handled goods moved in interstate commerce.

*Owner/ Operator Defendants*

13. Owner/ Operator Defendants John Ng and Michelle Chan acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NJWHL §34:11-4.1 and the regulations thereunder.

14. Upon information and belief, John Ng and Michelle Chan determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established work schedules and work load of the employees, maintained employee records, and had the authority to hire and fire employees.

15. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

16. Plaintiffs bring this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at least the hourly minimum wage and/or overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

**CLASS ACTION ALLEGATIONS**

17. Plaintiffs bring their New Jersey Wage and Hour Law claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all individuals, who were non-exempt employees within the meaning of the NJWHL and who have not been paid for all hours worked by them at least the hourly minimum wage and /or the overtime wages in violation of the NJWHL, employed by Defendants at Lan Garden Restaurant & Bar Inc. on or after the date that is two years before the filing of the Complaint in this case to the entry of judgment in this case (the "Class Period").

18. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P 23.

19. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

20. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation.

Defendants' corporation wide policies and practices, including but not limited to their failure to pay proper overtime wage, affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

21. Plaintiff are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff are represented by attorneys who are experienced and competent in representing plaintiffs in both class action and wage and hour employment litigation cases.

22. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. The losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, thus the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class

would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

23. Upon information and belief, defendants and other employers throughout the state violate the New Jersey Wage and Hour Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

24. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a. Whether Defendants employed Plaintiffs and the Class within the meaning of the New Jersey Wage Law;

   b. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

   c. Whether Plaintiffs and Class members were paid at least proper hourly minimum age for all hours they worked up to 40 under the New Jersey Wage and Hour Law;

   d. Whether Plaintiffs and Class members were paid proper overtime compensation for all hours they worked over 40 under the New Jersey Wage and Hour Law;

e. Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiff and the Rule 23 Class wages earned as required by the New Jersey Wage Law;

f. At what common rate, or rates subject to common method of calculation were and are the Defendants required to pay the Class members for their work.

g. whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees

## STATEMENT OF FACTS

### *Plaintiff Zhen Run Situ*

25. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff Situ his lawfully overtime compensation of one and one half times (1.5x) his regular rate of pay for all hours worked over forty (40) in a given workweek.

26. While employed by Defendants, Plaintiff Situ was not exempt under federal and state laws requiring employers to pay employees overtime.

27. Defendants failed to keep full and accurate records of Plaintiff Situ's hours and wages.

28. Throughout his employment with the Defendants, Plaintiff Situ was employed by Defendants to work as a Chef at Lan Garden 88.

29. Plaintiff Situ worked six (6) days a week with one day off on Monday.

30. From January 20, 2015 to March 31, 2015, Plaintiff's daily work schedule ran from about 11:00 am to 10:00 pm. for about (11) eleven hours per day. Plaintiff Situ thus worked about sixty-six (66) hours a week during this period.

31. From April 1, 2015 to September 15, 2015, in addition to his duty as a Chef, Plaintiff Situ was also tasked with, to pick up fellow employees, drive them to the restaurant and drive

8

them back after work. On the days that he had to pick up employees, he would pick up the first employee at around 10:00 am and generally would drop off the last employee at 11:00 pm. Plaintiff therefore worked about seventy-eight hours (78) per week during this period.

32. Throughout his employment with the Defendants, Plaintiff Situ did not have any uninterrupted break each work day.

33. From January 20, 2015 to September 15, 2015, Plaintiff was paid a fixed monthly salary of $3,500 regardless of the actual hours he worked.

34. Defendants failed to keep full and accurate records of Plaintiff Situ's hours and wages.

35. Plaintiff Situ was not compensated at least at one-and-one-half of the minimum wage or his calculated hourly wage, whichever is greater, for all hours he worked above forty (40) in each workweek.

*Plaintiff Andy Chen*

36. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff Chen his lawfully overtime compensation of one and one-half times (1.5x) his regular rate of pay for all hours worked over forty (40) in a given workweek.

37. While employed by Defendants, Plaintiff Chen was not exempt under federal and state laws requiring employers to pay employees overtime.

38. Plaintiff Chen was employed by Defendants and worked at Defendants' restaurant Lan Garden 88 first from April 3, 2015 to April 16, 2015, and then from October 2, 2016 to January 18, 2017.

**Period I: from April 3, 2015 to April 16, 2015**

39. Plaintiff Chen worked at Defendants' restaurant as a waiter during this period and generally worked six days a week with one day off on either Monday or Tuesday.

40. Chen regularly worked from about 11:00 am to 10:00 pm. for (11) eleven hours per day from Sunday through Thursday on the days he work; from about 11:00 a.m. to 10:30 p.m. for a total of eleven and a half hours (11.5) per day on Friday and Saturday. Plaintiff had no 30-minuite uninterrupted break on a work day. Plaintiff Chen therefore worked about sixty-seven (67) hours a week during this period.

**Period II: from October 2, 2016 to January 18, 2017**

41. During this period, Plaintiff Chen worked at Defendants' restaurant primarily as a waiter. He worked six days a week with one day off on either Monday or Tuesday. His daily work schedule at the restaurant was similar to what was for the first period. Chen, however, was also required to drive fellow employees to and from work on all of his work days during period. Specifically, from Sunday to Thursday, he would pick up the first employee at around 8:45 a.m. in Brooklyn and make the drop off the last employee at around 11:45 p.m. For Friday and Saturday, he would pick up the first employee at round 11:45 p.m but drop off the last employee at around at 12:15 a.m.. Together with the hours he work in the restaurant, Plaintiff Chen therefore worked about ninety-one (91) hours a week during this period.

42. In addition to working as a waiter, Chen would also spend around one or two hours each day delivering food for Defendants and was also tasked with side works such as cleaning, refill the sauces, packaging delivery orders.

43. For both Period I and II, Plaintiff made a fixed monthly earning of $3,500 that comprised of tips and a base salary. The base salary was designed to vary with the amount of tips Plaintiff would earn on any given month. Specifically, Defendants' capped Plaintiff's total monthly earning at $3,500 and paid Plaintiff the difference between his earning in tips and $3,500 as base salary. As such, if Plaintiff earned $3,500 or beyond in tips in a given month Plaintiff

would not receive any base salary. If he made $3,000 in tips then Plaintiff's base salary for that month would be $500.00.

44. Plaintiff generally made, via tip pooling with the other servers, on average $530.00 a week in tips, his monthly tip earning therefore was a little over $2,000.

45. Defendants retained a fixed 3% credit card processing fee from the tips Plaintiff and the other tipped employees earned through patrons using credit cards.

46. Defendants did not provide any notice to Plaintiff regarding taking tip credit against his minimum wage.

47. Defendants promised Plaintiff Chen that he would be paid twice a month. Defendants, however, were frequently late for as long as one-and-a-half month in paying Plaintiff Chen his earned wages.

48. Defendants owed Plaintiff Chen unpaid wages in an amount of $719.78 for the time period Chen worked from November 16, 2016 to November 30, 2016[3].

49. Throughout all relevant time periods, including during the course of Plaintiff's own employment, Defendant failed to maintain accurate and sufficient time and wage records.

50. Upon information and belief, throughout all relevant time periods, including during the course of Plaintiff's own employment, Defendant failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by NJWHL.

51. Plaintiff Chen was not compensated at least at one-and-one-half of his calculated hourly wage for all hours he worked above forty (40) in each workweek.

---

[3] The check issued by Defendants for this period bounced.

# STATEMENT OF CLAIMS
## COUNT I.
### [Violations of the Fair Labor Standards Act— Overtime Wage Brought on behalf of the Plaintiffs and the FLSA Collective]

52. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

53. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

54. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

55. Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pay violated the FLSA.

56. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

57. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

58. Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiffs and FLSA Collectives' labor.

59. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

## COUNT II.
### [Violation of New Jersey Labor Law— Overtime Pay Brought on behalf of Plaintiffs and Rule 23 Class]

60. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

61. At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiffs at one and one half times the hourly rate the Plaintiffs and the class are entitled to.

62. Defendants' failure to pay Plaintiffs was not in good faith.

63. By failing to pay Plaintiffs and the class, the Plaintiffs and Class Members are entitled to recover from Defendants their full unpaid overtime pay, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§34:11-56a *et seq*

## COUNT III
### [Violation of New Jersey Labor Law— New Jersey Wage Laws (Failure to pay Wages Earned)
*Plaintiff Andy Chen*

64. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

65. Under the New Jersey Wage Laws, an employer must pay an employee all wages due and may not fail to pay an employee for all hours worked.

66. Defendants violated the New Jersey Wage Laws by not paying Plaintiff Chen for all hours he worked in for the period from November 16, 2016 to November 30, 2016.

67. Defendants' conduct in failing to pay Plaintiff Chen properly was willful and was not based upon any reasonable interpretation of the law.

68. As a result of Defendants' unlawful conduct, Plaintiff Chen have suffered damages as set forth herein.

## COUNT IV
### [Violation of New Jersey Labor Law— New Jersey Wage Laws (Failure to pay Minimum Wage Brought on behalf of Plaintiff Andy Chen and Rule 23 Class)

69. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

70. At all relevant times, Plaintiff Chen was employed by Defendants within the meaning of NJWHL.

71. At all relevant times, Plaintiff was a tipped employee within the meaning of NJWHL.

72. At all relevant times, Defendants had a policy and practice of refusing to pay the proper statutory minimum wage to Plaintiff and other class members for some or all of the hours they worked.

73. Defendants knowingly and willfully violated Plaintiff and the class members' rights by failing to pay them proper minimum wages in the lawful amount for all or some of the hours worked.

74. By failing to pay Plaintiff Chen and other class members, Plaintiff Chen and other qualified class members are entitled to recover from Defendants their full unpaid minimum wage, damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§34:11-56 *et seq*.

### COUNT V
**[Violations of the Fair Labor Standards Act—
Failure to Pay Minimum Brought on behalf of Plaintiff Andy Chen and FLSA Collective]**

75. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

76. At all relevant times, Plaintiff Chen was employed by Defendants within the meaning of FLSA.

77. At all relevant times, Plaintiff was a tipped employee within the meaning of FLSA.

78. At all relevant times, Defendants have a pattern and practice of failing to pay the proper statutory minimum wage to Plaintiff Chen and other similarly situated collective members, for some or all of the hours he worked.

79. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

80. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff Chen at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, and the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a) Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action Members;

d) A declaratory judgment that the practices complained of herein are unlawful under FLSA and NJWHL;

e) An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f) An award of overtime wages due under FLSA and NJWHL plus compensatory and liquidated damages;

g) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

h) An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to overtime compensation, pursuant to the NJWHL;

i) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NJWHL;

j) The cost and disbursements of this action;

k) An award of prejudgment and post-judgment fees; and

l) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York

October 6, 2017

Respectfully Submitted,

HANG & ASSOCIATES, PLLC
*Attorneys for Plaintiffs, Proposed FLSA Collective and Potential Rule 23 Class*

/s/ Keli Liu
Keli Liu (#KL 9008)